IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NESTOR HERNANDEZ, § | |
|     Petitioner, § | |
| § | |
| v. § | No. 3:17-cv-2911-G (BT) |
| § | |
| LORIE DAVIS, *Director*, TDCJ-CID § | |
|     Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Nestor Hernandez, a Texas prisoner, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the following reasons, the petition should be dismissed as barred by the statute of limitations.

I.

Petitioner challenges his 2011 conviction and sentence for burglary of a habitation. *State of Texas v. Nestor Hernandez*, No. F-1000915-N (195th Jud. Dist. Ct., Dallas County, Tex., Jan. 26, 2011). Petitioner was sentenced to 30 years in prison. He did not file a direct appeal or a state habeas petition.

On October 18, 2017,[1] Petitioner filed the instant § 2254, in which he argues:

1. His guilty plea was involuntary;

2. His plea bargain agreement was breached;

---

[1] A § 2254 petition is considered filed on the date it is placed in the prison mail system. *See* Rule 3(d) of the Rules Governing Habeas Corpus Actions Under § 2254.

1

3. He did not understand the charges against him or the consequences of his guilty plea;

4. His due process rights were violated when: (a) the State used an impermissibly suggestive line-up; and (b) his confession was obtained through coercion;

5. The State withheld and failed to preserve exculpatory evidence;

6. The trial court erred by admitting evidence in violation of the Confrontation Clause and rules against hearsay; and

7. He received ineffective assistance of counsel.

## II.

**A.   Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (1996). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[2]

---

[2] The statute provides that the limitations period shall run from the latest of--

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

Petitioner pleaded guilty on January 26, 2011. He did not file an appeal. His conviction therefore became final 30 days later, on February 25, 2011. *See* Tex. R. App. P. 26.2; *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until February 27, 2012, to file his federal petition.[3]

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). But Petitioner did not file a state habeas petition, so no tolling applies.

Petitioner's deadline for filing his § 2254 petition was February 27, 2012. He did not file his petition until October 18, 2017—more than *five years* after limitations expired. His petition is therefore untimely.

---

      (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

[3] Because February 25, 2012, was a Saturday, the filing date was automatically extended to the following Monday, February 27, 2012. *See* Fed. R. Civ. P. 6(a)(1)(C).

3

## B.   Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  The Fifth Circuit has held that "'[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).  Petitioner bears the burden of proof to show he is entitled to equitable tolling.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has raised no claim that he is entitled to equitable tolling.  He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

### III.

The petition for a writ of habeas corpus should be dismissed with prejudice as barred by the one-year limitation period.  *See* 28 U.S.C. §2244(d).

Signed January 9, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGSTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).